IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | COMPLAINT |
| BRYCE CORPORATION | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, and the Equal Pay Act of 1963, to correct unlawful employment practices on the basis of sex and to restrain the unlawful payment of wages to an employee of one sex at rates less than the rates paid to an employee of the opposite sex, and to provide appropriate relief due to employee as a result of the unlawful practices.

As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission contends Defendant Employer Bryce Corporation discriminated against Melissa Eagan, a former employee, by paying Eagan significantly less money than her male counterpart for performing substantially equal work in the same position.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair

Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963 ("EPA"), codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Employer Bryce Corporation ("Defendant Employer") has continuously been doing business in the State of Tennessee, City of Memphis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Sections 3(d) of the FLSA, 29 U.S.C. §§ 203(d).

7.  At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b),(i) and (j) and has continuously been an enterprise engaged in the commerce or in the production of flexible packaging and prepress solutions within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S. C. §§203 (r) and (s).

## ADMINISTRATIVE PROCEDURES

8.  More than thirty days prior to the institution of this lawsuit, Eagan filed a Charge of Discrimination with the Commission which alleged Defendant Employer violated the EPA and Title VII.

9.  On March 7, 2019, the Commission issued a Letter of Determination to Defendant Employer. The Letter of Determination informed Defendant Employer the Commission conducted an investigation into the Charge of Discrimination and found reasonable cause to believe Defendant Employer violated the EPA and Title VII. The Letter of Determination invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief.

10. The Commission engaged in communications with Defendant Employer to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

12. On March 22, 2019, the Commission issued a Notice of Failure of Conciliation to Defendant Employer.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF TITLE VII- PAY CLAIM

14.     Since at least July 27, 2016, Defendant Employer engaged in unlawful employment practices at its Memphis, Tennessee facility, in violation of Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

15.     The unlawful employment practices include subjecting Eagan to disparate treatment with respect to the terms and conditions of her employment based on her sex—female.

   a.   Defendant Employer operates a flexible packaging and prepress solutions corporation in Memphis, Tennessee.

   b.   Defendant Employer employs numerous individuals in various positions, including but not limited to, Senior Business Analysts.

   c.   Senior Business Analysts responsibilities include, but are not limited to, planning, directing, and managing IT projects using the most cost-effective business solutions, such as purchasing services with System Application Products ("SAP"), a computer software manufacturer, to implement Enterprise Resource Planning ("ERP") systems, a computer program that organizes a business.

   d.   Eagan applied for a Business Analyst position with Defendant Employer on July 26, 2016.

   e.   Defendant Employer offered Eagan a Business Analyst position on July 27, 2016.

   f.   Eagan's new hire paperwork, signed by John Flaherty ("Flaherty"),

           Respondent's Director of Human Resources on August 8, 2016, lists Eagan's job title as a SR Business Analyst.

g. Defendant Employer paid Eagan an annual salary of $105,000.

h. Keith Shorts ("Shorts") applied for a SAP Business Analyst Position with Defendant Employer around June 25, 2016.

i. Defendant Employer hired Shorts as a Business Analyst on or about June 30, 2016.

j. Shorts' new hire paperwork, signed by Flaherty, Respondent's Director of Human Resources on August 8, 2016, lists Shorts' job title as a SR Business Analyst.

k. Defendant Employer paid Shorts an annual salary of $122,500.

l. Defendant Employer hired Jennifer Johnston ("Johnston") as a SR Business Analyst on October 21, 2015.

m. Defendant Employer paid Johnston an annual salary of $120,000.

n. As SR Business Analysts, Eagan, Shorts and Johnston performed substantially equal work.

o. Yet, Defendant Employer paid Shorts, a male, a significantly higher salary than Eagan and Johnston.

p. Eagan learned Defendant Employer paid Shorts a higher salary in May of 2017 when Shorts told Eagan his salary.

q. Eagan made a verbal complaint about the pay disparity on or about May 18, 2017.

r. Eagan met with Flaherty and Richard Williamson ("Williamson"),

        Defendant Employer's Vice President of Human Resources, on or around May 30, 2017 to discuss the complaint.

    s.    Flaherty and Williamson refused to discuss Shorts' salary with Eagan.

    t.    Flaherty and Williamson failed to remedy the pay disparity between Shorts and Eagan's salaries even though Shorts and Eagan had the same job title and performed substantial similar tasks and responsibilities.

    u.    Defendant Employer did not adjust Eagan's base salary to address the pay disparity between Eagan's salary and Shorts' salary even after Eagan complained.

    v.    From Eagan's date of hire until her date of termination, Defendant Employer paid Eagan, female, a lower base salary than her male counterpart, Shorts, because of Eagan's sex.

16.    The effect of the practices complained of above deprived Eagan of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

17.    The unlawful employment practices complained of above were intentional.

18.    The unlawful employment practices complained of above were done with malice or with reckless indifference to Eagan's federally protected rights.

## STATEMENT OF EQUAL PAY ACT CLAIM

19. Since at least July 27, 2016, Defendant Employer violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) by paying Eagan a lower base salary than male Senior Business Analysts.

20. The Commission re-alleges and incorporates by reference the allegations set forth in Paragraph 15 herein as if fully copied and repeated herein.

21. The disparity in pay is based on sex because Eagan, a Senior Business Analyst, worked in the same position as her male comparator; a position that required equal skill, effort, and responsibility, and were performed under similar working conditions.

22. As a result of the act complained of above, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of wages due to Eagan.

23. The unlawful employment practice complained of above in paragraphs 19-22 were willful.

## PRAYER FOR RELIEF

The Commission requests this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of sex, female.

B. Grant a permanent injunction enjoining the Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from paying wages to employees of one sex at rates less than rates at which they pay wages to employees of the opposite sex for substantially equal work on jobs the performance of

which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

C. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to make Eagan whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant Employer to make whole Eagan by providing appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages and prejudgment interest to Eagan whose wages Defendant Employer unlawfully withholds as a result of the acts complained of above.

F. Order Defendant Employer to make Eagan whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

G. Order Defendant Employer to make Eagan whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be determined at trial.

H. Order Defendant Employer to pay Eagan punitive damages for its malicious and reckless conduct as described above, in amounts to be determined at trial.

I. Grant such further relief as this Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

JAMES LEE
Deputy General Counsel

s/_Faye A. Williams_____
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

s/ Roslyn N. Griffin_____
ROSLYN N. GRIFFIN
Trial Attorney
MS Bar No. 103317
roslyn.griffin@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
Telephone (901) 544-0099